UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRAIG M. LYNCH,

        Petitioner,

        -v-

SUPERINTENDENT HAROLD GRAHAM,

        Respondent.

**DECISION and ORDER**
10-CV-0589S

---

      Petitioner has applied to the Court for appointment of counsel on the basis that he lacks the knowledge to proceed with his petition for a writ of habeas corpus without counsel. (Docket Nos. 15 and 18.) Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

      It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or

set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 2571, 129 L.Ed.2d 666 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Petitioner's motions simply state that he lacks the knowledge to proceed with his petition without counsel. The Court recognizes petitioner's lack of legal knowledge but this lack of knowledge is no different than the hundreds of other *pro se* litigants who file cases in this Court each year. It alone is not a basis to appoint counsel. The petition is based on the following claims: the trial court's denial of petitioner's motion to suppress statements and physical evidence obtained from an unlawful seizure of petitioner by Division of Parole, the prosecutor's summation was prejudicial, the improper admission of photographs of the deceased victim and DNA evidence, the trial court's denial of petitioner's request to call a witness and the ineffective assistance of appellate counsel. It does not appear at this time that petitioner needs the assistance of counsel to present these claims, which appear to be ones which can be addressed and reviewed solely by means of the records of the underlying criminal proceedings already provided to the Court.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

SO ORDERED

Dated: December 14, 2010
       Buffalo, New York

                                                 s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                        Chief Judge
                                              United States District Court